UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RODNEY DEE KYLE,

        Plaintiff,                  Case No. 1:15-cv-712

v.                                     Honorable Paul L. Maloney

UNKNOWN PARTY #1 et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Watson, Preston, Abraham, Bush and Sterenburg. The Court will serve the complaint against Defendant Waichum.

**Discussion**

        I.        Factual allegations

Plaintiff Rodney Dee Kyle presently is incarcerated at the Carson City Correctional Facility. He sues the following Grand Rapids Police Department officers: Mark Waichum, James Watson, Chad Preston, Grant Abraham, Brad Bush and Ryan Sterenburg.

On July 13, 2012, Plaintiff was sitting on the porch of an apartment on Broadway Avenue, N.W., when Defendant Waichum pulled his police cruiser up in the middle of the street and flashed his search light, telling Plaintiff to "put my hands up and come here." (Am. Compl., docket #5, Page ID#18.) Plaintiff complied, and Waichum performed a warrantless search. Waichum removed a digital scale from Plaintiff's back pocket and then "dug his hand in my anal area through my shorts." (*Id.*) Plaintiff complained to Waichum about the offensive nature of the search. Waichum then took Plaintiff's left hand and attempted to place it behind Plaintiff's back. Plaintiff ran from Defendant Waichum. Waichum chased Plaintiff and caught him in a backyard. Plaintiff claims that he laid down on his stomach, in submission. Defendant Waichum, however, dove on top of Plaintiff, rolled Plaintiff over, and began punching Plaintiff on the left side of his face and forehead, using a closed fist. Waichum then put Plaintiff in handcuffs and, using both of his hands, shoved Plaintiff's face in the dirt for up to one minute. Plaintiff yelled, "I can't breathe." (*Id.*) Defendant Waichum subsequently escorted Plaintiff to a police car containing Officer James Watson. The officers called for an ambulance to provide Plaintiff medical attention. They took pictures of the lacerations and cleaned the wounds. Plaintiff was interviewed by a vice-unit detective, after which he was released.

Plaintiff contends that Defendant Waichum violated his Eighth Amendment rights and that the other Defendant officers (Chad Preston, Grant Abraham, Brad Bush, and Ryan Sterenberg) saw his injuries, but violated his rights by not reporting Waichum's inappropriate conduct. Plaintiff raises three counts: (1) assault and battery; (2) use of excessive force; and (3) conspiracy.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that all Defendants are responsible for Waichum's alleged use of excessive force in arresting Plaintiff. "Where, as here, [an] excessive force claim arises in the context of an arrest or investigatory stop of a free person, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Connor*, 490 U.S. 366, 394 (1989) (quoting U.S. CONST. amend. IV). The right to make an arrest or investigatory stop has long been recognized to permit "some degree of physical coercion or threat thereof to effect it." *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968)). Determining whether the force used in a seizure was "reasonable" within the meaning of the Fourth Amendment requires consideration of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Tennesee v. Garner*, 471 U.S. 1, 8-9 (1985)). The inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their

underlying intent or motivation." *Id.* at 397 (citing *Scott v. United States*, 436 U.S. 128, 138 (1978)). Moreover, the reasonableness of the force must be judged from the perspective of a reasonable officer on the scene, "rather than with the 20/20 vision of hindsight." *Id.* at 396.

At this juncture, the Court concludes that Plaintiff has sufficiently alleged that Defendant Waichum used excessive force against him. The Court therefore will order service of the complaint on Defendant Waichum.

Plaintiff's allegations against Defendants Watson, Preston, Abraham, Bush and Sterenburg, however, fall short of stating an actionable claim. Plaintiff alleges only that Defendant Watson was in the police car to which Waichum escorted Plaintiff after he had been taken into custody and that Watson saw Plaintiff's injuries. Similarly, Plaintiff asserts that Defendants Preston, Abraham, Bush and Sterenburg saw the injuries incurred by Plaintiff but failed to report Waichum's inappropriate conduct. Plaintiff at no time alleges that any Defendant witnessed Defendant Waichum's use of force or participated in it.

Government officials may not be held liable for the unconstitutional conduct of their subordinates or associates. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates or associates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's allegations fall far short of demonstrating

that Defendants Watson, Preston, Abraham, Bush or Sterenburg engaged in active unconstitutional behavior. Accordingly, he fails to state an excessive-force claim against them.

Further, Plaintiff fails to demonstrate that Defendants conspired with one another to violate his rights. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy are conclusory and speculative. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. He relies entirely on an unsupported inference that, because the officers witnessed his injuries, they must have agreed with Waichum to cause them. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that

conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that Defendants lacked knowledge that the injuries were wrongfully inflicted, Plaintiff fails to state a plausible claim of conspiracy.

Because the Court has dismissed Plaintiff's federal claims against Defendants Watson, Preston, Abraham, Bush and Sterenburg, it declines to exercise its supplemental jurisdiction over Plaintiff's state-law claim of assault and battery against them. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Watson, Preston, Abraham, Bush and Sterenburg will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Waichum.

An Order consistent with this Opinion will be entered.

Dated: September 3, 2015        /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge