UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RODNEY DEE KYLE, II, <br> # 872579, <br><br>              Plaintiff, <br><br> v. <br><br> BRAD BUSH, <br><br>              Defendant. | Case No. 1:15-cv-712 <br><br> Honorable Paul L. Maloney |

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on July 13, 2012, Officer Brad Bush searched him and used excessive force in violation of his Fourth Amendment rights. Plaintiff seeks an award of damages. (ECF No. 57).

The matter is before the Court on plaintiff's motion to voluntarily dismiss all his claims against defendant other than his excessive force claim. (ECF No. 77). For the reasons set forth herein, I recommend that plaintiff's motion be granted and that all claims other than plaintiff's excessive force claim against defendant be dismissed with prejudice.

## Discussion

Plaintiff asks the Court to dismiss all his claims against defendant other than his excessive force claim. Under Rule 41(a)(2), the Court is authorized to order dismissal "on terms the Court considers proper." FED. R. CIV. P. 41(a)(2); *see McCord*

*ex rel. McCord v Bd. Of Educ. of Fleming Cty., Ky.*, No. 17-55448, 2018 WL 1724560, at \*5 (6th Cir. Jan. 30, 2018).  The primary purpose of requiring the Court to approve the dismissal of the plaintiff's claims is to "protect the nonmovant from unfair treatment."  *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."  *Grover ex rel. Grover*, 33 F.3d at 718.

"Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit."  *Id.*  "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."  *Id.*; *see also Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2017).

I find that defendant would suffer "plain legal prejudice" if the Court dismissed plaintiff's claims without prejudice.  *See Harrison v. Deeren*, No. 1:16-cv-336, 2017 WL 3071464, at \*1 (W.D. Mich. July 19, 2017).   Plaintiff filed this lawsuit on July 8, 2015, based on events that allegedly occurred on July 13, 2012.  (ECF No. 1).  Further, plaintiff waited until very late in the life of this long-pending case to file his motion for partial dismissal of his claims.  He states that "from the beginning of this civil case [he] was only seeking a rul[]ing or relief for excessive force."  (ECF No. 77

at PageID.394).  Plaintiff did not request a dismissal of any claim without prejudice and he gave no reasons by such relief would be appropriate.

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion (ECF No. 77) be granted and that all claims other than plaintiff's excessive force claim against defendant be dismissed with prejudice.


Dated:   April 17, 2018              /s/  Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).