UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

| | |
|---|---|
| RODNEY DEE KYLE, II, #872579, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:15-cv-712 |
| v. | ) ) Honorable Paul L. Maloney |
| BRAD BUSH, | ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that, on July 13, 2012, Officer Brad Bush used excessive force against him in violation of his Fourth Amendment rights.  Plaintiff seeks an award of damages.[1]

This matter is before the Court on defendant's motion for summary judgment. (ECF No. 84).  Defendant argues that the force he applied was objectively reasonable under the circumstances, and that he is entitled to qualified immunity because his actions did not violate clearly established constitutional rights.  Plaintiff opposes the motion.  (ECF No. 95-97).  For the reasons set forth herein, I recommend that the Court grant defendant's motion and enter judgment in his favor.

---

[1] All other claims have been dismissed.  (ECF No. 7, 8, 56, 87).

## **Applicable Standards**

A.    <u>Summary Judgment</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party

may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

  B. <u>Qualified Immunity</u>

Defendant also argues that he is entitled to summary judgment on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.' " *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly

established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.' " *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when []he makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is

clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation and quotation omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see City of Escondido, Calif. v. Emmons*, No. 17-1660, __ U.S. __, 2019 WL 113027, at *2 (U.S. Jan. 7, 2019). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see* W*hite v. Pauly*, 137 S. Ct. 548, 552 (2017).

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Stevens-Rucker v.*

-5-

*City of Columbus, Ohio*, 739 F. App'x 834, 839 (6th Cir. 2018) ("Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity."). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

## **Proposed Findings of Fact**

The following facts are uncontroverted.[2] On the night of July 13, 2012, plaintiff was arrested in Grand Rapids, Michigan. Brad Bush was the arresting officer.

Police received information regarding an individual reported to be in possession of heroin. Police also had a description of the suspect, his car, the clothes he was wearing, and that he could be found at a Broadway Avenue address. Plaintiff and another man were on the porch of that residence. Plaintiff did not comply when ordered to place his hands on his head. Both suspects were escorted to the police cruiser. Plaintiff denied possession of anything illegal and consented to a search. Officer Bush found a digital scale and removed it from plaintiff's pocket.

Plaintiff resisted when Officer Bush attempted to search the groin area. Officer Bush decided to place plaintiff in handcuffs after plaintiff brought his hands down off his head and tried to turn and face the officer. As Officer Bush was reaching

---

[2] Plaintiff did not submit evidence in opposition to defendant's motion for summary judgment. "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). Plaintiff's Second Amended Complaint (ECF No. 57) is not verified under penalty of perjury such that it could be considered as his affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

for his handcuff's, plaintiff turned, escaped, and fled down Broadway Avenue. A bag of what was believed to be marijuana fell from plaintiff as he fled. (Bush Aff. ¶¶ 1-12, ECF No. 25-3, PageID.89-90, 93-94; ECF No. 85-1, PageID.447).

Officer Bush gave chase, and he temporarily lost sight of plaintiff after plaintiff went over a privacy fence. Officer Bush spotted plaintiff when he stepped out onto the sidewalk two houses down the block. Plaintiff looked in Officer Bush's direction, then he resumed running and Officer Bush again gave chase. (Bush Aff. ¶¶ 11-13, PageID.90, 93-94).

Plaintiff attempted to jump a chain link fence. Officer Bush states that he saw plaintiff fall face first, and when plaintiff tried to get up again, he fell into the rocks at the base of the privacy fence. Officer Bush regained contact with plaintiff. Plaintiff was facing the ground and he was resisting by turning, twisting, and trying to pull free. Officer Bush delivered two knee strikes to plaintiff's thigh area. When plaintiff rolled over and attempted to push Officer Bush away with his hands, Officer Bush directed two punches toward plaintiff's right shoulder area. One of the punches missed plaintiff's shoulder and struck his face.[3] (Bush Aff. ¶¶ 13-14, PageID.90, 94; ECF No. 85-3, PageID.454-57).

---

[3] Defendant incorporated by reference into his affidavit the observations that he made in his police report. (Bush Aff. ¶ 21, PageID.25-3). A district court does not commit error in considering an affidavit adopting the substance of the officer's own observations in a police report as his testimony because it is a form "certainly admissible on summary judgment." *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016). The fact that plaintiff was punched in the face comes from a separate Use of Force Report (ECF No. 85-2, PageID.450-52), not incorporated by reference into defendant's affidavit. It is considered, however, as an admission.

Plaintiff continued to push and kick at Officer Bush. Plaintiff disregarded the officer's commands to stop resisting and to put his hands behind his back. Plaintiff only stopped resisting when Officer Bush directed a punch towards plaintiff's thigh area and it landed in plaintiff's groin. Plaintiff rolled over onto his stomach, put his hands out to the side, and Officer Bush handcuffed plaintiff's hands behind his back. (Bush Aff. ¶¶ 13-18, PageID.90, 94).

Plaintiff does not deny resisting, and he presents no evidence contradicting the level of resistance that Officer Bush describes. Plaintiff does dispute that he fell twice, and he attributes a laceration above his right eyebrow to Officer Bush's punch.[4] (ECF No. 85-1, PageID.448).

Plaintiff later pleaded guilty to multiple felonies related to this incident, including possession with intent to deliver heroin and possession of cocaine.[5]

## Discussion

**I.    Fourth Amendment**

Excessive force claims can arise under the Fourth, Eighth, and Fourteenth Amendments. "Which amendment should be applied depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen,

---

[4] Plaintiff relies on a photograph. (ECF No. 85-3, PageID.455). He did not submit any medical evidence in support of his claim against defendant.

[5]    http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=872579    (last visited Jan. 30, 2019). This Court takes judicial notice of the information provided by a search of the Michigan Department of Corrections Offender Tracking Information System (OTIS) website with regard to plaintiff. *See Goldman v. Barrett,* No. 1:17-cv-506, 2018 WL 3029088, *2 n.1 (W.D. Mich. Feb. 5, 2018) (collecting cases).

convicted prisoner, or fit in some gray area between the two." *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). The Fourth Amendment's reasonableness standard applies at least through the booking process. *Id.* at 474.

The Fourth Amendment protects against "unreasonable" seizures and guarantees citizens the right to be "secure in their persons." U.S. CONST. amend. IV. "The operative question in excessive force cases is 'whether the totality of the circumstances justifie[s] a particular sort of search or seizure.' " *County of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546 (2017) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). The reasonableness of the use of force is an objective inquiry based on the information that the officer had at the time the conduct occurred:

> The reasonableness of the use of force is evaluated under an objective inquiry that pays careful attention to the facts and circumstances of each particular case. And the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Excessive force claims are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred. That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim.

*Mendez*, 137 S. Ct. at 1546-47. "[T]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (citation and quotation omitted).

Three factors "aid the courts in assessing objective reasonableness in the typical situation of a law-enforcement officer accused in a civil suit of using excessive

force. Those three factors are: (1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether he is actively resisting arrest or attempting to evade arrest by flight.' " *Estate of Hill v. Miracle*, 853 F.3d 306, 312-13 (6th Cir. 2017) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *see Mitchell v. Schlabach*, 864 F.3d 416, 421 (6th Cir. 2017) ("While the ultimate determination of reasonableness must be based on the totality of the circumstances, this court has repeatedly found [these] three factors to be helpful in excessive force cases[.]").

I find that plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on his excessive force claim. Plaintiff was arrested in the process of committing multiple felonies. He resisted being placed in handcuffs, broke free of defendant's grasp and fled. Officer Bush became separated from other officers during the chase, and when Officer Bush finally caught up with plaintiff, plaintiff posed a threat to his physical safety. Plaintiff actively resisted and disregarded multiple orders to stop resisting and put his hands behind his back. *See Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015) ("Active resistance includes physically struggling with, threatening, or disobeying officers. And it includes refusing to move your hands for the police to handcuff you, at least if that inaction is coupled with other acts of defiance.") (citations and quotations omitted). Officer Bush never resorted to using a gun, taser, or baton to subdue plaintiff. Although Officer Bush delivered a number of blows and one punch hit plaintiff in the face, plaintiff's actions necessitated defendant's forceful response, and plaintiff suffered no injuries other

than a small laceration above his right eye.

## II. Qualified Immunity

Defendant is also entitled to summary judgment on the basis of qualified immunity. Plaintiff has not presented evidence sufficient to satisfy the first prong of the qualified immunity analysis for the reasons stated in the previous section.

The second prong of the qualified immunity analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau*, 543 U.S. at 198. It was plaintiff's burden to convince the Court that the law was clearly established in a "particularized sense" when defendant acted on July 13, 2012. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

The Supreme Court has reiterated that lower courts should not define clearly established law at a high level of generality, and it is particularly important not to do so in excessive force cases:

> Specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue.
>
> It does not suffice for a court simply to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness. An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.

*City of Escondido, Calif. v. Emmons*, 2019 WL 113027, at *2-3 (citation and quotation

-11-

omitted).

Plaintiff cites *Owen v. City of Independence*, 445 U.S. 622 (1980) and *Maine v. Thiboutot*, 448 U.S. 1 (1980) in support of an argument that defendant cannot "plead ignorance of the law the same way that a normal citizen can't plead ignorance of the law." (ECF No. 95, PageID.470). Neither case stands for the proposition cited, nor did it involve an issue of whether a police officer's use of force in the course of arresting an individual constituted excessive force in violation of the arrestee's Fourth Amendment rights.[6] I find that plaintiff has not carried his burden of demonstrating that defendant's actions violated his clearly established Fourth Amendment rights.

---

[6] In *Owen v. City of Independence*, the Supreme Court determined that a municipal corporation is not entitled to qualified immunity. The Court's decision in *Maine v. Thiboutot* addressed issues regarding attorney's fees awards under 42 U.S.C. § 1988.

## Recommended Disposition

For the foregoing reasons, I recommend that the Court grant defendant's motion for summary judgment (ECF No. 84) and enter a judgment in defendant's favor on plaintiff's claim.


Dated:   January 30, 2019            /s/  Phillip J. Green            
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).